**CARDIN & GITOMER, P.A.**

ATTORNEYS AT LAW
309 ALLEGHENY AVENUE
TOWSON, MARYLAND 21204

HOWARD L. CARDIN
JAMES J. GITOMER*
*ADMITTED IN MD AND NV

JAN H.K. CARDIN
OF COUNSEL

AREA CODE 410
727-3868
FAX 783-0572

August 8, 2023

Honorable Deborah K. Chasanow
United States District Court
for the District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, MD  21201

RE: United States of America vs. Corey Gardner
Criminal Docket No.: 1:21-cr-00272-DKC

Dear Judge Chasanow:

I finally had the opportunity of talking with Corey Gardner. I certainly want to thank you and your staff for the assistance in accomplishing that communication. At first, a Zoom video conference was set, but we were unable to initiate that conference. I did, however, call the institution who had planned for the video conference and we were able to establish a phone call in lieu of the video conference.

I advised Corey Gardner that which occurred during the telephone conference of Thursday, July 27, 2023. Mr. Gardner has directed me to notify the Court of the following:

Corey Gardner has consistently requested and even demanded that a Guidelines Hearing be held. There was a Pre Plea Pre-Sentence Report outlining matters which affected the guideline computation. Corey Gardner believes that the calculations in the report are erroneous and incorrect. The government has requested a Laffler Hearing to which Mr. Gardner objected because the government's offer is affected by the guideline calculations. Corey Gardner is not adverse to tendering a plea, but only when the government's offer reflects the proper guideline computations.

As indicated during the telephone conference, the government intends to seek a lengthy sentence in the event Mr. Garnder rejects the plea offer and goes to trial. The government announced that it intended to file a superseding indictment in order to comply with "the new law" regarding armed career offenders. The fact that the government is seeking the lengthy sentence is not surprising; however, the defense will object to any superseding indictment. Should a superseding indictment be filed, a Motion to Dismiss will follow thereafter.

Corey Gardner believes that the refusal to grant him a Guidelines Hearing at this stage is prejudicial and wants his objection to the failure to grant him such a Hearing memorialized on the record. Also, please note by separate communication to the government, we are requesting the grand jury testimony at this time.

Again, I thank the court for all of its assistance as well as the opportunity to place Mr. Gardner's positions on the record.

Very truly yours,

/S/

Howard L. Cardin
Federal Bar No. 00459

HLC/tdm

cc: Calvin Miner, AUSA
John Sippel, AUSA