LNE 8.29.23
CCM/JWS: USAO 2020R00305



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. DKC-21-CR-272 |
| COREY GARDNER, | * (Possession of a Firearm by a Prohibited Person, 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(e); Possession with the Intent to Distribute a Controlled Substance, 21 U.S.C. § 841(a); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c); Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| Defendant. | * |

*******

## SUPERSEDING INDICTMENT

### COUNT ONE
**(Possession of a Firearm by a Prohibited Person)**

The Grand Jury for the District of Maryland charges that:

On or about March 18, 2020, in the District of Maryland, the Defendant,

**COREY GARDNER,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Sig Sauer P250 .45 caliber handgun, bearing serial number EAK091010, and the firearm was in and affecting commerce. Before the Defendant committed the offense charged in this count, he had at least three previous convictions for offenses committed on occasions different from one another.

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(e)

## COUNT TWO
**(Possession with the Intent to Distribute a Controlled Substance)**

The Grand Jury for the District of Maryland further charges that:

On or around March 18, 2020, in the District of Maryland, the Defendant,

## COREY GARDNER,

did knowingly and intentionally possess with the intent to distribute a substance containing a detectible amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propenamide, commonly called fentanyl, a Schedule II controlled substance, and a substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT THREE
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or around March 18, 2020, in the District of Maryland, the Defendant,

## COREY GARDNER

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841, as alleged in Count Two of this Superseding Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)
18 U.S.C. § 2

## COUNT FOUR
### (Possession of Firearms by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about May 13, 2021, in the District of Maryland, the Defendant,

### COREY GARDNER,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed two firearms, to wit, a Taurus PT111 9-millimeter caliber handgun, bearing serial number TKZ36160; and, a Beretta APX 9-millimeter caliber handgun, bearing serial number A063669X, and the firearms were in and affecting commerce. Before the Defendant committed the offense charged in this count, he had at least three previous convictions for offenses committed on occasions different from one another.

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(e)

## COUNT FIVE
**(Possession with the Intent to Distribute a Controlled Substance)**

The Grand Jury for the District of Maryland further charges that:

On or around May 13, 2021, in the District of Maryland, the Defendant,

**COREY GARDNER**,

did knowingly and intentionally possess with the intent to distribute a substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT SIX
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or around May 13, 2021, in the District of Maryland,

### COREY GARDNER

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841, as alleged in Count Five of this Superseding Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## FORFEITURE

The Grand Jury for the District of Maryland further charges that:

1. All allegations set forth in Counts One through Six are hereby incorporated by reference.

2. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One through Six of this Superseding Indictment.

### Narcotics Forfeiture

3. Upon conviction of either of the offenses alleged in Counts Two or Five, the Defendant,

**COREY GARDNER,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense(s); and,

   b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offense(s).

### Firearms and Ammunition Forfeiture

4. Upon conviction of any of the offenses alleged in Counts One, Three, Four, or Six of this Superseding Indictment, the Defendant,

**COREY GARDNER,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offenses.

**Property Subject to Forfeiture**

5. The property to be forfeited includes, but is not limited to, the following:

   a. a Sig Sauer P250 .45 caliber handgun, bearing serial number EAK091010;

   b. a Taurus PT111 9-millimeter caliber handgun, bearing serial number TKZ36160;

   c. a Beretta APX 9-millimeter caliber handgun, bearing serial number A063669X;

   d. approximately eight (8) rounds of .45 caliber ammunition;

   e. approximately 33 rounds of 9-millimeter ammunition; and,

   f. approximately $54,209 in U.S. currency seized from the Defendant's residence in Jessup, Maryland on or about May 13, 2021.

**Substitute Assets**

6. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been comingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*[Signatures]*
Erek L. Barron
United States Attorney

Calvin Miner

A TRUE BILL:

08-30-23
Date

Foreperson   **SIGNATURE REDACTED**

9