IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Criminal No. DKC-21-0272** |
| **COREY GARDNER,** | * | |
| **Defendant.** | * | |

...oOo...

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorneys, Erek L. Barron, United States Attorney for the District of Maryland, and John W. Sippel, Jr. and Calvin C. Miner, Assistant United States Attorneys for said District, hereby submits this Sentencing Memorandum to assist the Court in the sentencing of defendant Corey Gardner. For the reasons discussed more fully below, the Government respectfully requests that the Court accept the Fed. R. Crim. P. 11(c)(1)(C) agreement and sentence Gardner to 144 months' imprisonment.

### I.   INTRODUCTION

Defendant Gardner is charged in a six-count Superseding Indictment with possession of a firearm by a prohibited person (Count One); possession with intent to distribute fentanyl and cocaine (Count Two); possession of a firearm in furtherance of a drug trafficking crime (Count Three); possession of a firearm by a prohibited person (Count Four); possession with intent to distribute cocaine (Count Five); and possession of a firearm in furtherance of a drug trafficking crime (Count Six). ECF no. 98.

On September 29, 2023, Gardner pleaded guilty to Counts Two and Five of the Superseding Indictment. ECF no. 115-116.

As indicated in the Presentence Investigation Report ("PSR"), Gardner's adjusted offense

level is 29 (PSR, ¶¶ 21-30), and his criminal history category is VI (PSR, ¶¶ 41-42), resulting in an advisory guidelines range of 151-188 months (PSR, ¶ 77). For the reasons discussed below, the United States respectfully requests that the Court impose a sentence of **144 months' imprisonment**, which is slightly below the applicable advisory guidelines range and supported by the factors enumerated in 18 U.S.C. § 3553(a).

## II.  FACTS

The following facts are taken from the plea agreement:

In the morning hours of March 18, 2020, a Baltimore Police Department detective was conducting covert surveillance from an unmarked vehicle in the 1800 block of Eagle Street in Baltimore City, Maryland. The detective observed the Defendant, Corey Gardner ("Gardner"), selling what appeared to be narcotics to a female. At one point, Gardner walked away towards South Payson Street and returned with a softball-sized black bag which the detective believed contained narcotics. The detective then notified an arrest team to arrest Gardner.

Baltimore Police Department detectives quickly arrested Gardner. Following his arrest, Gardner was searched and detectives recovered nearly $800 of U.S. currency in various denominations, four mobile devices, and a Lexus key fob from Gardner. The detectives then searched for Gardner's vehicle, which they believed was parked nearby.

One of the Baltimore Police Department detectives walked in the direction of South Payson Street, clicking buttons on the key fob to identify Gardner's vehicle. The detective quickly located a 2008 Lexus vehicle, that was registered to Gardner, parked in the 600 block of South Payson Street. Detectives then called for a K-9 unit. The K-9 unit arrived and a scan of Gardner's vehicle was completed. During the scan, the K-9 alerted to the presence of narcotics

on the driver's side door of Gardner's vehicle.

The detectives searched the Lexus and recovered a loaded Sig Sauer P250 .45 caliber handgun with nine rounds of ammunition in the driver's side door compartment. A small amount of narcotics was also located in the vehicle. Furthermore, detectives discovered the black bag Gardner possessed on the ground in the alley, where he was conducting narcotics transactions, and recovered 48 capsules of what was tested and later found to be fentanyl a Schedule I controlled substance. Gardner was charged and was later released on home detention.

A year later, in May 2021, the Howard County Police Department received information that Gardner, on home detention as a result of charges related to the incident discussed above, was trafficking narcotics and living in the Mission Place Apartments in Howard County, Maryland. After learning this information, on May 13, 2021, Howard County Police Department detectives and officers conducted surveillance in the area surrounding the Mission Place Apartment complex. During the surveillance, detectives and officers observed Gardner commit a traffic infractions. The detectives and officers notified patrol officers who conducted a traffic stop of Gardner at a nearby gas station. The officers requested a K-9 unit, which arrived at the location a few minutes after Gardner was stopped. The K-9 scanned the car and alerted to the presence of narcotics on the driver's side door.

Officers searched the car and recovered a loaded a Taurus PT 111 9-millimeter caliber handgun with 19 rounds of ammunition. Officers also recovered 100 plastic containers of what was tested and found to be cocaine from inside the car.

Later that evening, officers obtained and executed a search warrant at Gardner's unoccupied apartment. The officers recovered another loaded firearm - a Beretta APX 9-

millimeter caliber handgun - inside a couch drawer; 25 vials of cocaine in the center console of the couch; and $54,209 in cash inside of a black safe.

Gardner stipulates and agrees that on March 18, 2020, and May 13, 2021, he possessed the narcotics with the intent to distribute them, and he possessed the firearms in furtherance of his drug-trafficking activities.

Plea agreement, ECF no. 116, at 10-11.

### III. UNITED STATES SENTENCING GUIDELINES CALCULATION

The Government concurs with the guidelines calculation found at paragraphs 21 through 30 of the PSR.  In addition, the Government concurs with the criminal history calculation found at ¶¶ 41-42 of the PSR, including the finding that Gardner is a Career Offender pursuant to U.S.S.G. § 4B1.1(b).  PSR at ¶ 42.  Gardner's adjusted offense level is 29, and his criminal history category is VI, resulting in an advisory guidelines range of 151-188 months.  *See* PSR at ¶¶ 30, 41-42, 77.

### IV. SENTENCING

As discussed more fully below, a sentence of 144 months' imprisonment is reasonable and appropriate in this case.

**A.    A Sentence of 144 Months Is Fair, Reasonable, and Not Greater Than Necessary**

**1.    The § 3553(a) Factors Support a Sentence of 144 Months**

Under § 3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).  In determining that sentence, this Court must consider:

(1) "the nature and circumstances of the offense and the history and

characteristics of the defendant;"

(2) "the need for the sentence imposed – '(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;'"

(3) "the kinds of sentences available;"

(4) the Guidelines and Guidelines range;

(5) "any pertinent policy statement;"

(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

(7) "the need to provide restitution to any victims of the offense."

*See* 18 U.S.C. § 3553(a).

Here, a sentence of 144 months' imprisonment, which is slightly below the applicable advisory Guidelines range, is supported by the § 3553(a) factors.

      a.    **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

Gardner is a career drug dealer, who has four prior convictions for narcotics distribution/trafficking offenses. *See* PSR at ¶¶ 36, 37, 38, 39. Despite being prohibited from possessing firearms, Gardner was in possession of a firearm in 2009, and he was charged and convicted in federal court for a firearms-related offense. PSR at ¶ 40. Despite his prior convictions and incarcerations, Gardner was not reformed or rehabilitated. Gardner was released from federal supervised release on August 27, 2019, and he was arrested and charged in Baltimore City with narcotics distribution and possession of a firearm in March 2020 – seven months after his release from federal supervision. Then, in May 2021, while on court-monitored supervision,

5

Gardner was arrested again for narcotics distribution and possession of a firearm. Based on this sequence of events, there is no doubt as to Gardner's recidivism and a hefty sentence is necessary to punish Gardner's repeated return to the drug-dealing business.

      **b.**      **The Need for the Sentence Imposed**

A sentence of 144 months' imprisonment with the Bureau of Prisons is necessary in this case to reflect the seriousness of the offenses. Gardner is a recidivist drug-trafficker, profiting thousands of dollars (law enforcement officers seized more than $50,000 in cash from Gardner's apartment in May 2021).

A sentence of 144 months would also deter others from engaging in conduct and committing acts similar to Gardner. Deterrence at the mid-level of the narcotics trafficking hierarchy is essential in crippling the street-level flow of narcotics and associated violence.

In addition, a sentence of 144 months would promote respect for the law to a man who obviously has no respect for the criminal justice system. Despite numerous prior state and federal court convictions, Gardner continued to return to the drug-dealing trade, often while under court supervision. A sentence of 144 months would certainly deter Gardner from future criminal conduct.

Importantly, a sentence of 144 months would protect the public from Gardner. There is no dispute that drugs are a root cause of violence on the streets of Baltimore and surrounding metropolitan areas. Rarely a day passes where there is not news about a shooting, murder, home invasion, or other similar violence related to drug-trafficking. Gardner simply cannot remove himself from the violence that is inherently associated with his drug-dealing activities, highlighted by his illegal possession of firearms.

### c.     The Kinds of Sentences Available

The "kind of sentences available," 18 U.S.C. § 3553(a)(3), includes imprisonment.  In this case, a term of imprisonment is mandated by the law.

### d.     The Guidelines Range is an Important § 3553(a) Factor

The Guidelines range is itself a § 3553(a) factor.  "The fact that § 3553(a)[(4)] explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall v. United States*, 552 U.S. 38, 50 n. 6 (2007).   Indeed, "the sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the [Guideline range] with reference to the latter."  *Nelson v. U.S.*, 555 U.S. 350. 351-51 (2009).   Accordingly, courts must give "respectful consideration to the Guidelines." *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007).  The Supreme Court has emphasized that "where judge and Commission both determine that the Guidelines sentences is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors (including its "not greater than necessary" requirement)," and that "significantly increases the likelihood that the sentence is a reasonable one." *Rita*, 551 U.S. at 347, 350-51, 354-55.

In this case, the Guidelines range is 151-188 months and the Court should give "respectful consideration" of this range while considering the appropriate sentence to impose upon Gardner.  Here, the C-plea sentence to 144 months was agreed to by the parties to avoid a length trial.   While it is slightly below the guidelines, it is a significant and reasonable sentence under all of the circumstances of Gardner's history and conduct.

7

e.  **Pertinent Policy Statement**

There is not a pertinent policy statement applicable to this case.

f.  **The Need to Avoid Unwarranted Sentence Disparities**

In this case, a sentence of 144 months would avoid any unwarranted sentence disparities and is consistent with recent sentences imposed by the U.S. District Court for the District of Maryland in similar narcotics cases. According to the United States Sentencing Commission's analytical tool, the average sentence in the District of Maryland for cases involving drug distribution under U.S.S.G. § 2D1.1, for the period 2018 – 2022, is 105 months.  *See* https://ida.ussc.gov/analytics/saw.dll?Dashboard (visited December 7, 2023). [1]   Because the agreed-upon sentence of 144 months is slightly below the applicable advisory guidelines range and near the average sentence imposed in similar cases, the 144-month sentence is not unreasonable and will avoid any sentencing disparities.

g.  **Restitution to Victims**

There is no restitution in this case.

V.  **CONCLUSION**

For all of the foregoing reasons, the United States of America respectfully requests that the Court impose upon defendant Corey Gardner a sentence of 144 months' imprisonment as such

---

[1]  The Government ran the following parameters through the U.S.S.G. analytical tool to determine the average sentence: years 2018, 2019, 2020, 2021, and 2022, in the District of Maryland, for cases involving cocaine and fentanyl under U.S.S.G. § 2D1.1, for defendants at criminal history category VI, and with career offender status.

sentence is fair, reasonable, and not greater than necessary.

                                            Respectfully submitted,

                                            Erek L. Barron
                                            United States Attorney

Date: _____December 8, 2023_____                 _____
                                            John W. Sippel, Jr.
                                            Calvin C. Miner
                                            Assistant United States Attorneys
                                            36 S. Charles Street, Fourth Floor
                                            Baltimore, Maryland 21201


## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the ___8th___ day of December 2023, a copy of the foregoing Government's Sentencing Memorandum was served via ECF to counsel of record.

                                            _____
                                            John W. Sippel, Jr.
                                            Assistant United States Attorney